**STARKS, Plaintiff-Appellant, v. REED, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4581. Decided September 29, 1951.

Edmund B. Paxton, Columbus, for plaintiff-appellant.
Marion A. Ross, Columbus, for defendants-appellees.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court finding for the defendants, dismissing plaintiff's petition and ordering the cancellation of a $1100.00 note and mortgage which defendants had executed and delivered to the plaintiff. The action was for judgment on the $1100.00 note and to foreclose the mortgage securing it. Defendant answered generally denying the allegations of the petition and setting up want of consideration for the note, fraud in securing the note and mortgage and that to permit collection of the note and foreclosure of the mortgage would be against public policy because of violation of certain rules of the Home Owners' Loan Corporation, which has a first mortgage on the property described in the petition, which note and mortgage were executed a short time subsequent to the note and mortgage upon which plaintiff predicates his causes of action.

The facts developed are that on or about August 28, 1933, defendants made application to the Home Owners' Loan Corporation for a loan. At that time there were listed a claim against the defendants secured by a first mortgage and the claim of plaintiff secured by a second mortgage. The amount of defendants' claim was listed as $12.73. In connection with the application for the loan, plaintiff submitted over his signature a statement of the balance due him as of January 22, 1934, on a mortgage, as $12.73. Upon the same statement and at the bottom thereof is this notation: "Paid Feb. 14, 1934." Signed, "Charles W. Starks." Plaintiff denies his signature but there is testimony to the effect that he wrote it and this signature was subject to comparison with his admitted signature on the same statement. At the time of the negotiations, plaintiff, as mortgagee, consented that,

"if said refunding can be consummated, to accept in full settlement of the claim of the undersigned any sum left after taxes, 1st mtge and expenses of loan are paid, face value of the bonds of Home Owners Loan Corporation, to be adjusted with not exceeding $50.00 cash, as provided in said act and thereupon to release all the claims of the undersigned against said property."

It was further agreed that plaintiff consented to the payment of necessary expenses arising by reason of the transaction incident to the considering and concluding of the loan. Said consent provided it should be binding for a period of 60 days from date. The loan was not consummated within 60 days from August 28, 1933, but was concluded on January 22, 1934.

After the 60 days had elapsed and a few days after the mortgage had been given to the Home Owners' Loan Corporation by the defendants, the plaintiff over his signature by counsel wrote to the defendants saying that he understood that the loan had been granted and was now ready to be closed but that it would be necessary for defendants to call upon plaintiff; that his mortgage had not been cancelled and that whereas he was to receive the sum of $280.00 from the proceeds of the Home Owners' Loan Corporation, he had been informed that he would only receive $12.73. Pursuant to this letter, defendants called upon plaintiff and as a result of the conference at that time the note and mortgage sued upon were made and delivered.

The defenses which we have heretofore set out were asserted by the defendants, Reeds, only. The defendant, Home Owners' Loan Corporation, in its answer and cross-petition merely set up its note and mortgage, stated that it did not care to foreclose but if a sale of the premises were ordered it be declared to have the first and best lien and to have judgment for the amount due on its note.

We have been favored with a rather lengthy and complete opinion of Judge Reynolds who tried the case in the Common Pleas Court and have examined the journal entry which specifically found three defenses established:

(1) That the plaintiff is estopped from asserting his claim.

(2) That the plaintiff settled his claim.

(3) Fraud against the Home Owners' Loan Corporation because of the concealment of plaintiff of the note and mortgage sued upon and that to permit collection and foreclosure would be contrary to public policy.

Appellant relies upon the proposition that the consent which he signed to accept $12.73 in full of his claim expired before the execution of the note and mortgage sued upon, that by reason thereof he was not bound by the consent; that the defendants with full knowledge of the faccts signed and executed the note and mortgage sued upon and that the note was for a valid consideration, the sum then due on the original note to the plaintiff.

There may be a substantial question if the defendants, Reeds, could urge as a defense the failure of the plaintiff to observe certain rules of the defendant, the Home Owners' Corporation, inasmuch as it does not assert such a defense. Then, too, there is a question if the rules had the effect of law. We do not believe that either question is controlling.

After the plaintiff had asserted over his statement that it was correct and, as of January 1, 1934, there was due him only $12.73 and that upon its payment he would release all

claims against the property and thereafter, in February, 1934, accepted that sum and cancelled the mortgage referred to there was afforded the basis of estoppel which the trial judge found and support for the defense that there was no consideration for the note sued upon. Had the plaintiff acted upon his right to deny that he was bound upon his consent because of the 60 day provision, he would have better standing in Court. Instead, and with knowledge of the statement that had been made as of the amount due, he accepts it.

Then, too, the trial judge had the right to find that there was concealment amounting to fraud in the conduct of the plaintiff towards the defendants at the time they signed the note and mortgage sued upon. The letter of the plaintiff to the defendants was written a week after the note and mortgage had been given to the Home Owners' Loan Corporation and the statement that the plaintiff was to receive $280.00 from the proceeds of the loan is not supported by the record.

With knowledge that he had secured a note and mortgage from defendants after the note and mortgage had been given to the Home Owners' Loan Corporation and after the second note and mortgage had been given to the plaintiff, he accepted without explanation the $12.73. These facts in connection with the rather extended testimony of defendant, Landon Reed, as to what was said and representations made at the time of the conference when the note and mortgage sued upon were given, support the judgment in behalf of the defendants and sustain enough of the specific findings in the judgment entry to require an affirmance.

Plaintiff cites **Weber v. Sternad, 140 Oh St 352,** and the **Dayton Mortgage Investment Co. v. Theis, et al., 62 Oh Ap 169,** in both of which cases it was held that claims could not be enforced which were based upon secret agreements to pay sums in excess of the amounts which creditor claimants had agreed to accept from the proceeds of loans from the Home Owners' Loan Corporation. Attempt is made to differentiate these cases because of the contention of appellant that the consent contract was not binding upon him because it had expired.

As we have held, upon all the facts appearing, the trial judge could have found that the plaintiff accepting the benefits of the consent contract after 60 days succeeding its execution yielded the right to urge that it was no longer effective. This being true, both cited cases have application and support the judgment of the trial court.

The bad faith of plaintiff in taking the $1100.00 note and mortgage from the defendants may be implied because of his

failure to inform the Home Owners' Loan Corporation of his transaction with the defendants and his acceptance of the $12.73, a sum that was not then due him, in addition to the amount represented by the $1100.00 note.

We do not find the errors assigned by appellant to be well made.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.